No. 229.—W. B. BOYKIN, Under Tutor, v. A. C. HILL, Tutor.

If the tutor has failed to have an inventory of the minor's property made, and has omitted to have the mortgage in favor of the minor on the property of his tutor recorded, so that it will be preserved, the tutor may be dismissed from office at the suit of the under tutor. In a suit by the under tutor to dismiss the tutor from office for neglect of duty, the tutor can not be heard to urge in his defense that it was the duty of the under tutor to have the bond of the tutor recorded, in order that the minor's mortgage might be preserved on his, the tutor's property.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *D. B. Hays*, Special Judge. *James W. Wilson*, for plaintiff and appellee. *A. C. Hill*, for defendant and appellant.

HOWELL, J. This suit was instituted in March, 1871, by the under tutor of the minor, Jessie E. Jones, to remove her tutor, who was appointed in January, 1867, on the following grounds:

*First*—The said tutor has neglected to cause an inventory to be made of the minor's property within the time prescribed by law.

*Second*—He has neglected to have his bond as tutor, or any certificate showing the amount of property in his hands belonging to said minor, recorded in the recorder's office of Claiborne or other parish where he owns immovable property, so as to preserve the minor's mortgages and privileges.

*Third*—He has failed to file annual accounts of his tutorship.

The defendant admits the matters of fact, but denies that they are sufficient of themselves, in law, to require his removal, and contends that the interests of the minor are amply protected by the bond furnished, though not recorded in the recorder's office; that it was equally the duty of the under tutor to cause said bond to be recorded, and he can not be heard to urge such neglect against defendant, and that the law does not require but simply authorizes annual accounts to be filed.

On the trial he objected to plaintiff's right to prove by the defendant himself that a specific sum of money had been received by him as tutor, on the grounds of irrelevancy and want of allegation of any

specific sum. The allegation is that defendant had received a considerable amount of money belonging to the minor, which authorized proof of the amount actually or known to be received, and for which defendant was liable, and which was endangered by his alleged neglect. The amount proven is largely above five hundred dollars, and hence the motion to dismiss must be overruled.

Article 356, R. C. C., a new article, says: "The tutor is bound to render an annual account of his administration, reckoning from the day of his appointment;" but his failure to do so is not necessarily a cause for removal, although it may under some circumstances be taken into consideration.

Articles 303 and 304, however, specially declare that persons are liable to be removed from the tutorship, who have neglected to cause an inventory to be made of the minor's property within the time prescribed by law, and who neglect to cause to be inscribed, in the manner required by law, the evidence of the minor's legal mortgage against his tutor.

We learn from the record that in 1859 the mother and stepfather of the minor were appointed tutrix and cotutor; that in 1867 their tutorship was admitted to be vacant by insolvency and resignation, and the defendant, on the recommendation of a family meeting, was appointed tutor, and gave bond in the sum of $10,000, which was afterwards, in the same year, increased to $20,000, because of some legal proceedings in the State of Maryland, where the larger portion of the minor's property is situated. But it does not appear that any inventory of her estate or that of her father has ever been made. If none had been made when the defendant was appointed, it was his duty under the law to cause one to be made. Art. 329, Code of 1825; art. 316, R. C. C. His neglect of this duty renders him liable to removal, and in connection with his failure to cause his bond or other evidence of the minor's mortgage to be inscribed, as directed by the act of 1869, page 114, by which the mortgage is lost under article 123 of the Constitution, constrains us to concur with the judge a quo that sufficient reason exists for his removal under the requirements of the law.

As to the position that the interests of the minor are amply protected by the bond furnished, it is enough to say that the law maker seems to think differently, and requires the additional protection of a mortgage upon the tutor's property to the extent of the amount of the bond, the surety and principal on which may not always be solvent.

The neglect of the under tutor to perform his duty to make the required inscription can not justify the defendant, or debar the former from presenting the matter to the judge who authorized him to institute this suit.

Judgment affirmed.